**Scott Leonard, OSB No. 074761**
**Law Office of Scott Leonard, LLC**
**4511 SE 63rd Ave., Suite F**
**Portland, OR 97206**
**Tel: 503.222.0722**
**scott@scottleonardlaw.com**
**Attorney for Defendant Andrew Gonzalez-Sheriff**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:21-CR-00269-SI-01** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT'S SENTENCING MEMORANDUM** |
| **ANDREW GONZALEZ-SHERIFF,** | |
| **Defendant.** | |

Defendant Andrew Gonzalez-Sheriff respectfully submits this Sentencing Memorandum. Mr. Gonzalez-Sheriff submits that a sentence of 46 months is sufficient to serve all statutory goals of sentencing.

A district court is to impose a sentence that is "sufficient, but not greater than necessary," to achieve the purposes of sentencing. 18 U.S.C. §3553(a). Sentencing proceedings should begin by calculating the applicable Guidelines range. "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[T]he Guidelines… now serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 552 U.S. 87, 90 (2007). The Sentencing Guideline ranges are neither mandatory nor to be presumed reasonable. "The Guidelines are not

**Page 1 – DEFENDANT'S SENTENCING MEMORANDUM**

only not mandatory on sentencing courts; they are also not to be presumed reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009).

All § 3553(a) factors must be considered. "Section 3553(a) lists seven factors that a sentencing court must consider." *Gall*, at 73 n 6. A sentencing court is "required by 18 U.S.C. § 3553(a) to consider factors such as 'the nature and circumstances of the offense' and 'the history and characteristics of the defendant.' Not to do so… constitute[s] reversible error." *U.S. v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall,* at 49-50. While the Guidelines can establish a reasonable sentence, ultimately 18 U.S.C. §3553(a) is the guiding authority for sentence determinations.

For the reasons set forth in this memorandum, in Defendant's Confidential Supplement to the PSR, and in the PSR, Mr. Gonzalez-Sheriff joins with the Probation Office to recommend a sentence of 46 months imprisonment followed by three years on supervised release with conditions. Such a sentence is legally sufficient to serve all statutory goals of sentencing.

Respectfully submitted April 22, 2026.

Scott Leonard, OSB No. 074761
Attorney for Defendant

**Page 2 – DEFENDANT'S SENTENCING MEMORANDUM**